# IN THE UNITED STATES DISTRICT COURT
## DISTRICT COURT OF MARYLAND

USDC- GREENBELT
'22 NOV 30 AM10:52

*Nishith Patel,*

and

*N.P., a minor child*

      Plaintiffs.

v.

*Anne Albright,*

and

*Montgomery County, Maryland*

and

*State of Maryland*

      Defendants.

Case No: 22-CV-3085-AAQ

---

## COMPLAINT AND EMERGENCY MOTION FOR PRELIMINARY INJUNCTION

---

### Parties

1. Plaintiff Nishith Patel is a Maryland resident.

2. Plaintiff N.P., a minor child, is the daughter of Plaintiff Nishith Patel. She is also a Maryland resident.

3. Defendant Anne Albright, upon information and belief, is a judge employed by the State of Maryland. Her place of employment is 50 Maryland Avenue, Rockville, MD 20850. She is being sued both in her individual and official capacity.

4. Defendant Montgomery County, upon information and belief, is a municipal corporation organized under the laws of Maryland.

5. Defendant the State of Maryland is a sovereign state of the United States.

**Jurisdiction**

6.  Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 (federal question) and its original jurisdiction on all constitutional law matters. Furthermore, jurisdiction is proper in this Court under the All Writs Act, 28 U.S.C. § 1651. Finally, jurisdiction is proper in this Court under 42 U.S.C § 1983 because the Defendants have unconstitutionally deprived the Plaintiffs of their constitutional rights to maintain their close family relationship and because Defendants violated Plaintiffs of their constitutional rights to due process.

7.  Venue is proper in this Court because the acts complained of herein occurred in Maryland.

**Facts**

8.  Mr. Patel is the father of a seven-year-old girl. Mr. Patel is a loving father and truly enjoys being a presence in his daughter's life.

9.  For approximately two years after a divorce in 2018, when the minor child was between the ages of 3 and 5, Mr. Patel shared physical and legal custody of his daughter with his ex-wife. Both Mr. Patel and his minor child thoroughly enjoyed the benefits of a loving father-daughter relationship.

10. Since June, 2020, Mr. Patel has been separated from his daughter by judicial orders issued by the Defendant, Ms. Albright.

11. Ms. Albright has provided <u>no</u> justification for separating Mr. Patel from his daughter. She has provided no justification as to why the minor child should be denied having a relationship with her father.

12. Even today, no justification exists for separating Mr. Patel from his daughter.

13. Nor does any justification exist for denying the minor child a relationship with her father.

14. Mr. Patel has sought to be reunited with his daughter many times during the last two years. Mr. Patel has filed numerous motions detailing how not only does he want to be reunited with his daughter, but his daughter also wants to be reunited with her father. Ms. Albright has denied Mr. Patel's requests repeatedly without <u>any justification.</u>

15. For reasons unknown to Plaintiff, except that Ms. Albright is a biased and corrupt judge, she has only permitted a weekly one-hour virtual supervised meeting. (As detailed below, at present even those weekly one-hour virtual meetings have been suspended).

16. Mr. Patel does not need to be supervised when he is spending time with his daughter.

17. Ms. Albright has provided no justification for requiring Mr. Patel to have supervision in his relationship with his daughter.

18. **For over two years, a father and a daughter have been illegally and unconstitutionally separated by a biased and corrupt judge.**

19. **For over two months, Mr. Patel has not been even permitted to have the weekly virtual meetings with his daughter.**

2

**20. Mr. Patel has requested that those weekly meetings be reinstated on an emergency basis, but the biased and corrupt judge — who has demonstrated a complete disregard for the best interests of the minor child — is refusing to permit those meetings, without any justification.**

**21. At present, there is an absolute absence of the father-daughter relationship, and a complete disregard for constitutional rights, committed by a biased judge**

Background**:**

22. Unfortunately, on or about April 2019, and again on June 2020, Mr. Patel was compelled to file for emergency motions for custody and/or protective orders in an effort to prevent his daughter from being physically and emotionally harmed while she was in her mother's custody.

23. On or about June, 2020, after denying Mr. Patel's attempts to obtain emergency custody (and only after granting defendant her cross-motion for emergency custody *ex parte*), the Circuit Court held a hearing on Mr. Patel's emergency motion for custody.

24. During that hearing, Ms. Albright also denied Mr. Patel's petition and instead granted mother exclusive physical and legal custody over their child.

25. Without any justification, Ms. Albright also suspended Mr. Patel's access to his daughter (and the child's access to her father).

26. During Circuit Court proceedings, Ms. Albright made numerous errors of law and findings of fact. She also displayed an obvious bias for the mother.

27. Further exacerbating the situation, she made herself the "1F1J" (one family, one judge) of the family law case, meaning that she appointed herself the permanent judge of all family law matters between the parties *indefinitely*.

28. Ms. Albright demonstrated a complete disregard for what is in the best interests of the child. She also made clear that her distaste toward the child's father will continue.

29. For example, Ms. Albright determined prior to the hearing – before any evidence was presented and before any arguments were made – that she would separate father from daughter.

30. Ms. Albright had also determined prior to the hearing – again, before any evidence was presented or any arguments were made – that she would only permit supervised access between father and daughter.

31. Ms. Albright also assumed facts not in evidence in favor of the Defendant. For example, she discredited testimony from Mr. Patel even when it was *supported* by the opposing party in the case.

32. Among the Circuit Court's horrific rulings was her complete denial of Mr. Patel's access to his daughter (and her access to her father) except for a 1-hour virtual visitation per week.

33. The minor child's relationship with her father has been severely harmed because of Ms. Albright's decisions. Prior to the Circuit Court's ruling, the minor child enjoyed spending 2-3 days per week with her father and could depend on his judgment as he had joint legal

custody (the terms of the physical and legal custody were agreed upon by the parents after considerable negotiation during the divorce proceedings).

34. Mr. Patel filed a motion requesting that Ms. Albright disqualify herself from the case. Not surprisingly, she declined to admit her bias publicly and denied Mr. Patel's motions for disqualification.

35. As of the date of this filing, it has been more than two years since Mr. Patel last had physical or legal custody of his daughter. He has not been able to spend time with her in person because of the illegal and unconstitutional rulings by the biased Ms. Albright.

36. Moreover, for the last two months, Mr. Patel has not even been able to <u>see</u> his daughter even virtually.

37. The minor child has been unconstitutional and illegally deprived of her right to see her father.

38. Upon information and belief, Ms. Albright still remains the "1F1J" on the family law case.

39. Ms. Albright continues to be biased against Mr. Patel, and continues to issue orders that repeatedly deny him access to his child, and denies the minor child access to her father.

40. Not only did

41. At all times during the relevant time period of this Complaint, Ms. Albright acted under the color of law.

42. At all times during the relevant time period of this Complaint, Ms. Albright acted with malice and a corrupt motive.

## Causes of Action

### Count I. Violations of Father's Constitutional Rights

43. Mr. Patel has the constitutional right to have a relationship with his daughter and to care for and nurture his child.

44. Mr. Patel has the constitutional right to receive a fair and impartial judge, as well as a constitutional right to fair and due process.

45. Defendant Ms. Albright, under the color of law, and with malice and a corrupt motive, deprived Mr. Patel of his constitutional rights.

### Count II. Violation of Minor Child's Constitutional Rights

46. Minor child, N.P., has the constitutional right to have a relationship with her father and to receive his care and nurturing.

47. Defendant Ms. Albright, under the color of law, and with malice and a corrupt motive, deprived minor child, N.P., of her constitutional rights.

4

<u>Count III. Pattern and Practice — Montgomery County and State of Maryland</u>

48. At all times during the relevant time period of this Complaint, Ms. Albright acted under the color of law, and with malice and a corrupt motive, in depriving Plaintiffs of their constitutional rights.

49. Defendants Montgomery County and the State of Maryland were made aware of Ms. Albright's unconstitutional conduct.

50. Defendants Montgomery County and the State of Maryland failed to correct or take any action to remedy the ongoing constitutional violations committed by Ms. Albright.

51. Many other judges employed by these Defendants have demonstrated blatant bias and corrupt motive with respect to their unconstitutional actions against Plaintiffs, including, but not limited to: Judges Koch and Del Pino of the District Court; Judges Schweitzer, Jordan, and Salant of the Circuit Court; the justices of the Court of Special Appeals who handled Mr. Patel's appeal to disqualify Ms. Albright, and the justices of the Court of Appeals who handled Mr. Patel's subsequent petition for certiorari.

52. Upon information and belief, Defendants Montgomery County and the State of Maryland have a pattern and practice of hiring corrupt and incompetent judges, and then "covering up" for their corruption and incompetence, and otherwise failing to take appropriate remedial action for the corrupt and incompetent judges, which leads to continuing unconstitutional conduct by those judges, as well as continuing deprivations of constitutional rights for aggrieved parties.

<u>Count IV. Declaration of Conversion and Replevin</u>

53. Defendant Ms. Albright illegally, without case, and without any proffered justification required Mr. Patel to pay attorneys' fees for the opposing party's attorneys in the underlying family law case.

54. Upon information and belief, Ms. Albright has an improper relationship with the opposing party's attorney, and/or has an implied understanding that she must do whatever he tells her to.

55. To the extent that Mr. Patel has paid any amount toward those fees, Mr. Patel seeks a full reimbursement.

**Requests for Relief**

WHEREFORE, Mr. Patel respectfully requests that this Court:

a) issue an emergency order for preliminary injunctive relief which would require the defendant Ms. Albright to disqualify herself from the family law case pending this litigation;

b) issue a writ of mandamus or an emergency order for preliminary injunctive relief vacating the Ms. Albright's rulings in the family law case pending this litigation;

c) Issue an emergency order for preliminary injunctive relief immediately reinstating Mr. Patel's shared physical and legal custody of his minor child;

d) declare that defendant Ms. Albright's actions deprived Mr. Patel of his constitutionally protected rights;

e) declare that defendant Ms. Albright's actions deprived Mr. Patel of his constitutionally protected rights;

f) declare that the "1F1J" policy is unconstitutional as a matter of law;

g) declare that the "1F1J" policy is unconstitutional as applied to this case;

h) declare that the defendant's actions are so biased as to be constitutionally intolerable;

i) declare that the Maryland appellate courts deprived Mr. Patel's constitutional rights to seek access and relief from the courts;

j) order an investigation regarding the corruption of Ms. Albright by an independent and neutral body;

k) order an investigation regarding the corruption of judges within Montgomery County and the State of Maryland by an independent and neutral body;

l) assess compensatory damages for emotional distress, humiliation, embarrassment, harm to his career, loss of income, and mental anguish in an amount to be proved at trial;

m) assess punitive damages in an amount to be proved at trial;

n) assess costs and expenses of this action, including, but not limited to, reasonable attorneys' fees and litigation costs; and

o) grant such other relief as the Court finds necessary and appropriate.

## Jury

Plaintiffs assert their constitutional right to have this case tried by a jury.

Respectfully submitted,

Dated:  November 30, 2022

Nishith Patel
*Pro Se*
13410 Stonebridge Terrace
Germantown, MD 20874
240-380-8732
nishp2004@gmail.com