IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **NISHITH PATEL,** | * | |
|     Plaintiff, | * | |
| v. | * | Civ. No. DLB-22-3085 |
| **ANNE ALBRIGHT,** *et al.*, | * | |
|     Defendants. | * | |

**MEMORANDUM OPINION**

On November 30, 2022, Nishith Patel filed a civil rights complaint under 42 U.S.C. § 1983 against Anne Albright, a Maryland state judge in the Circuit Court for Montgomery County, Montgomery County, and the State of Maryland. ECF 1. Patel alleges Judge Albright violated his civil rights when she made rulings against him in a custody dispute involving his daughter.[1] *Id.* at 2–3. He claims that Montgomery County and the State of Maryland "have a pattern and practice of hiring corrupt and incompetent judges, and then 'covering up' for their corruption and incompetence." *Id.* at 5. Patel seeks monetary, declaratory, and injunctive relief, including a writ of mandamus and injunction requiring "Ms. Albright to disqualify herself from the family law case" and "vacating [] Ms. Albright's rulings in the family law case pending this litigation." *Id.* at 5–6. Along with the complaint, Patel filed an "Emergency Motion for Preliminary Injunction," ECF 2, asking the Court to disqualify Judge Albright, vacate her orders, and reinstate his shared physical and legal custody of his daughter.

---

[1] The complaint lists "N.P., a minor child" as a plaintiff. Self-represented plaintiff Patel cannot represent the interests of his minor child. *See Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 243 (4th Cir. 2020) ("The right to litigate for *oneself* . . . does not create a coordinate right to litigate for *others*." (quoting *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005) (emphasis in *Myers*)); *see also Myers*, 418 F.3d at 410 (parents and next friends "cannot press their children's claims pro se").

This is Patel's second request for this Court to intervene in the state court's proceedings. He previously filed suit against Judge Albright regarding the same child custody dispute, which this Court dismissed for lack of subject matter jurisdiction. *Patel v. Albright, et al.*, No. GJH-21-2409, 2021 WL 7082310, at *2 (D. Md. Oct. 26, 2021). Patel's appeal of the dismissal of that case is pending in the United States Court of Appeals for the Fourth Circuit, Case No. 22-1162, which denied his motion to expedite the decision and request for injunctive relief. *Id.* at ECF 18. For reasons stated below, the complaint is dismissed and the emergency motion for preliminary injunction is denied.

## I. Motion for Preliminary Injunction

Patel asks, on an "emergency" basis, that this Court order the Maryland state court to dismiss its orders, remove one of its judges from a family law case, and reinstate Patel's shared physical and legal custody of his daughter.[2] ECF 2; ECF 1, at 5. Patel alleges this Court has authority to grant this request pursuant to 28 U.S.C. § 1651, which states that "court[s] established by Act of Congress may issue all writs necessary or appropriate in aid of *their respective jurisdictions*." 28 U.S.C. § 1651(a) (emphasis added). District courts do "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. But this conferment of jurisdiction over actions seeking to compel an officer or employee *of the United States* or its agencies to perform a duty owed to the plaintiff does not extend to actions seeking to compel *state* employees to perform a duty. *See, e.g.*, *Gurley v. Super. Ct. of Mecklenburg Cty.*,

---

[2] Patel simultaneously seeks reinstatement of physical access to his daughter in the underlying family law case. He attaches to his complaint an "Emergency Motion for Access to Child" filed in that case on November 11 as well as correspondence with the Montgomery County Circuit Court regarding scheduling a hearing on that motion. *See* ECF 1-1.

411 F.2d 586, 586–87 (4th Cir. 1992).  The Court has no jurisdiction over Patel's claims for emergency injunctive relief.

Yet another reason the Court has no jurisdiction over these claims is that matters of family law traditionally have been reserved to the state or municipal court systems with their expertise and professional support staff.  *See Moore v. Sims*, 442 U.S. 415, 435 (1979).  Under "the domestic relations exception" to federal jurisdiction, federal courts do not have the power to intervene with regard to child custody or visitation decrees.  *Ankenbrandt v. Richards*, 504 U.S. 689, 703–04 (1992) (recognizing the "domestic relations" exception to federal jurisdiction in part because, "as a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals . . . in handling issues that arise in the granting of such decrees").

Even if the Court could grant the relief Patel seeks, it would not do so because his requests are duplicative of his earlier suit in this Court.  This Court may dismiss a complaint if the allegations are duplicative of other suits in federal court.  *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (noting the "general principle" in federal district courts is "to avoid duplicative litigation" (citations omitted)); *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 452 F. Supp. 2d 621, 626 (D. Md. 2006) ("It is undisputed that it is within a district court's power to . . . dismiss a suit that is duplicative of another federal court suit."), *aff'd*, 273 F. App'x 256 (4th Cir. 2008).  In his earlier suit, Patel alleged that Judge Albright "violated his rights when she made rulings against him in a custody dispute involving his daughter" and sought "a writ of mandamus or injunction 'requiring the defendant to disqualify herself' . . . and 'vacating the defendant's rulings.'" *Patel*, 2021 WL 7082310, at *1 (citation omitted)).  Judge Hazel dismissed these claims because "this Court has no authority to issue a writ of mandamus

requiring any action on the part of the Maryland state courts." *Id.* at 2. Patel seeks the same injunctive relief that he did in the earlier suit. He is pursuing an appeal of that case in the Fourth Circuit. He cannot here assert these same claims.[3]

Because the Court does not have the authority to grant the relief Patel seeks, his request for a preliminary injunction is denied.

## II. Section 1983 Claims

Patel seeks monetary, injunctive, and declaratory relief under 42 U.S.C. § 1983 for alleged violations of his constitutional rights by Judge Albright, Montgomery County, and the State of Maryland. Under Section 1983, a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *Wahi v. Charleston Area Med. Ctr.*, 562 F.3d 599, 615 (4th Cir. 2009).

To comply with the Federal Rules of Civil Procedure, the complaint must contain, at a minimum, "a short and plain statement of the claim" that shows that the plaintiff "is entitled to relief," and a request for the relief the plaintiff seeks. Fed. R. Civ. P. 8(a). The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

---

[3] Patel does allege in this case, unlike in his earlier suit, that he has not had virtual visitations with his daughter for the past two months, which is why he seeks an emergency preliminary injunction. But as discussed, this Court does not have authority to issue a writ of mandamus ordering the state court to act, including to reinstate visitation.

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct."  The complaint cannot simply make conclusory allegations or recite the elements of each cause of action.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Court has the inherent authority to dismiss *sua sponte* claims that lack an arguable legal or factual basis.  *See Mallard v. U.S. Dist. Ct. for S.D. of Iowa*, 490 U.S. 296, 307–08 (1989); *Smith v. Kagan*, 616 F. App'x 90 (4th Cir. 2015) (unpublished) (mem.); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) (same); *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (same); *Smith v. U.S. Dep't of Def.*, No. ELH-21-1836, 2021 WL 3367821, at *1 (D. Md. Aug. 3, 2021); *Ausar-El v. Hogan*, No. PJM-19-3040, 2020 WL 1187139, at *1 (D. Md. Mar. 11, 2020).  An example of a claim subject to *sua sponte* dismissal is one with an "indisputably meritless legal theory," such as where "defendants are immune from suit."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (citation omitted).  The Court may also dismiss a complaint if its allegations are duplicative of other suits in federal court.  *See Colorado River Water Conservation Dist.*, 424 U.S. at 817; *Sensormatic Sec. Corp*, 452 F. Supp. 2d at 626.  For the reasons discussed below, the Court dismisses plaintiff's complaint *sua sponte* because it lacks an arguable factual or legal basis and it is duplicative of another virtually identical federal case recently dismissed by this Court and pending appeal.

### A. Claims against Judge Albright

Judge Albright is a Maryland state judge whom Patel sues for decisions made in her capacity as a judge, including her decision to remain with the child custody dispute pursuant to a "One Family, One Judge" policy and her decision to remove Patel's daughter from his physical

5

and legal custody. He seeks to vacate her rulings, remove her from the state court proceeding, and reinstate custody. Patel's claims against Judge Albright are duplicative of those in *Patel*, 2021 WL 7082310, currently pending on appeal.[4] The Court dismisses the claims against Judge Albright in this suit to avoid duplicative litigation. *See Colorado River Water Conservation Dist.*, 424 U.S. at 817; *Sensormatic Sec. Corp.*, 452 F. Supp. 2d at 626.

### B. Claims against Montgomery County

Patel also names Montgomery County as a defendant. To state a claim under 42 U.S.C. § 1983 against a municipal government such as Montgomery County, Patel must allege two elements. First, he must allege a constitutional violation. *See Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (jury's finding that a police officer inflicted no constitutional injury on the plaintiff removed any basis for municipal liability against city and members of police commission); *Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 724 (4th Cir. 1991) (Section 1983 claim of inadequate training or supervision cannot be established without "a finding of a constitutional violation on the part of the person being supervised"); *see also Dawson v. Prince George's Cnty.*, 896 F. Supp. 537, 540 (D. Md. 1995). Second, he must show that any constitutional violations were proximately caused by a policy, custom, or practice of the defendant. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691, 694 (1978). Municipal policy, custom or practice arises from written ordinances,

---

[4] As discussed *supra* n.3, Patel does here assert new allegations that he no longer has virtual visitations with his daughter. This Court has no authority to order the state court to reinstate visitation. To the extent Patel sues Judge Albright for her decision not to reinstate visitation, that claim is barred by judicial immunity for the same reasons outlined in *Patel*, 2021 WL 7082310, at *1. *See Foster v. Fisher*, 694 F. App'x 887, 888 (4th Cir. 2017) (per curiam) ("Judges are absolutely immune from suit for a deprivation of civil rights [under 42 U.S.C. § 1983] for actions taken within their jurisdiction) (alteration and quotation omitted); *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) ("[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.").

regulations, and statements of policy, *id*. at 690; and decisions by municipal policymakers, *Pembaur v. Cincinnati*, 475 U.S. 469, 482–83 (1986).  Also, policymakers' omissions can be "thought of as a city 'policy or custom' that is actionable under § 1983" if the omissions show a "deliberate indifference" to the rights of citizens.  *See Canton v. Harris*, 489 U.S. 378, 388–89 (1989).

Patel alleges that he "has a constitutional right to have a relationship with his daughter and to care for and nurture his child" and that "[u]pon information and belief, Defendant[] Montgomery County . . . ha[s] a pattern and practice of hiring corrupt and incompetent judges, and then 'covering up' for their corruption and incompetence, and otherwise failing to take appropriate remedial action for the corrupt and incompetent judges."  ECF 1, at 5.  Patel does not allege any specific facts to support this claim.  Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  The Complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.  Patel has not alleged a single fact to support his claims, outside listing judges whose rulings he finds objectionable or biased.  His conclusory and generalized allegation that Montgomery County has a "pattern and practice of hiring corrupt and incompetent judges" is not plausible on its face and is subject to *sua sponte* dismissal.

Patel also seeks declaratory relief stating that Montgomery County's "One Family, One Judge" policy is unconstitutional on its face and as applied.  He alleges that Judge Albright appointed herself the "permanent" judge of his family law matter pursuant to this policy.  ECF 1, at 3.  Patel does not identify the constitutional right that the policy allegedly violates.  And the

Court is aware of no constitutional right that may be violated by a County policy that ensures a judge with knowledge of a particular family matter remain with that case.

The claims against Montgomery County are dismissed.

### C.  Claims against the State of Maryland

Under the Eleventh Amendment to the United States Constitution, a state, its agencies, and its departments are immune from suits in federal court brought by its citizens or the citizens of another state unless the state consents.  *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court.  This matters because "[a] State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Halderman*, 465 U.S. at 100 (emphasis in original).

In addition to consent, there are two other exceptions to Eleventh Amendment immunity: (1) when it is abrogated by Congress; and (2) when the plaintiff seeks "prospective injunctive relief against state officials acting in violation of federal law." *See Lee-Thomas v. Prince George's Cnty. Pub. Schs.*, 666 F.3d 244, 249 (4th Cir. 2012) (quoting *Frew ex rel. Frew v. Hawkins,* 540 U.S. 431, 437 (2004)).  The first exception, abrogation by Congress, does not apply here.  Congress did not abrogate Eleventh Amendment immunity for § 1983 claims in federal court.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity . . . .").  The second exception applies when a plaintiff such as Patel seeks prospective injunctive relief designed to "end a continuing violation of federal law."  *Green v. Mansour*, 474 U.S. 64, 68 (1985); *Int'l Coalition for Religious Freedom v. Maryland*, 3 F. App'x 46, 49 (4th Cir. 2001) (noting that "the limited

exception to Eleventh Amendment immunity . . . provides *only* for prospective injunctive relief from a continuing violation of federal law, and not for declaratory relief for a past violation of federal law") (emphasis in original). This exception applies only in suits against state officials sued in their official capacities for prospective injunctive relief; the "same doctrine does not extend to states or state agencies." *See Biggs v. N.C. Dep't of Pub. Safety*, 953 F.3d 236, 242 (4th Cir. 2020) (quoting *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007)). Thus, the second exception does not apply to Patel's claims against the state.

Patel's claims against the State of Maryland are barred by the Eleventh Amendment and are dismissed.

### III.  Conclusion

Patel's motion for a preliminary injunction is denied. The complaint is dismissed without prejudice. A separate Order follows.

_12/13/2022_  
Date

Deborah L. Boardman  
United States District Judge